UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| OLDENDORFF CARRIERS GMBH & CO. KG, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. C-12-74 |
| GRAND CHINA SHIPPING (HONG KONG) CO LTD, *et al*, | § § § § | |
| Defendants. | § § | |

## ORDER FOR DISCOVERY

This case arises from a dispute over a maritime contract between Plaintiff, Oldendorff Carriers GMBH & Co., KG (Oldendorff) and Defendant Grand China Shipping (Hong Kong) Co., Ltd. (GCS). Pursuant to the terms of the contract, the substance of that dispute has been referred to arbitration in London, where it is to be determined under the law of England. Anticipating a substantial arbitration award, Oldendorff initiated this ancillary action to arrest the M/V Eagle in order to have assets from which to collect its anticipated award. The M/V Eagle was arrested and subsequently released pursuant to Special Release Bond that secures the payment of any arbitration award while allowing the M/V Eagle to return to service.

Currently before the Court is the Defendants' claim that Oldendorff has not alleged a sufficient basis for retaining the benefit of the Special Release Bond because corporate forms insulate the owner of the M/V Eagle from any liability pled in this case. More specifically, under Rule 12(b)(6) and the Supplementary Rules for

Admiralty or Maritime Claims, Defendants have challenged Oldendorff's pleading of "single business enterprise" and alter ego theories for piercing corporate veils in support of jurisdiction over the M/V Eagle and the Bond.

Oldendorff has alleged that GCS, along with the ostensible owners of the M/V Eagle—Defendants Offshore Heavy Transport AS (OHT) and OHT Eagle AS (OHT Eagle)—are subsidiaries of Grand China Logistics Holding (Group) Company Limited (GCL) and that GCL and its parent have held out their entire corporate family as a single business enterprise.  Furthermore, Oldendorff alleges that GCL dominates each subsidiary in an alter ego manner as part of a strategic plan to isolate liabilities from assets with corporate walls, contrary to its representations to participants in the shipping industry such as Oldendorff.  The argument is that the Defendants intentionally induce the appearance of financial strength with the intention to withdraw financial support from subsidiaries at will in order to leave creditors without recourse.

In support of their motion to dismiss this action, Defendants OHT and OHT Eagle have submitted evidence of their separate corporate identity, including a Declaration of Arne Blystad (D.E. 27-1), Declaration of Jon Christian Syvertsen (D.E. 27-2), Declarations of Tom Erik Jebsen (D.E. 27-3, 34),  and Declaration of Shen Yi (D.E. 27-4).  These Declarations purport to supply factual bases for making a determination on the merits that Oldendorff's veil-piercing theories are unsupported.

Consideration of this extraneous material converts the motion to dismiss into a summary judgment motion. Fed. R. Civ. P. 12(d), 56. "All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). See also Fed. R. Civ. P. 56(d). In "Point II" of its "Opposition to Defendants Offshore Heavy Transport AS and OHT Eagle AS's Motion to Dismiss and Expedited Motion to Vacate Attachment" (D.E. 33, p. 18), Oldendorff seeks the opportunity to conduct discovery to determine the true ownership status of the M/V Eagle and to support this Court's jurisdiction to maintain this action.

When a factual question governs the Court's jurisdiction, the Plaintiff must have ample opportunity to secure and present evidence relevant to the jurisdictional question. *Box v. Dallas Mexican Consulate General*, No. 11–10126, 2012 WL 3590695, *3 (5th Cir. Aug. 21, 2012) (citing *Hansen v. PT Bank Negara Indon. (Persero), TBK*, 601 F.3d 1059, 1063–64 (10th Cir. 2010); *see also McAllister v. FDIC*, 87 F.3d 762, 766 (5th Cir. 1996) ("When a district court makes factual determinations decisive of a motion to dismiss for lack of jurisdiction, it must give plaintiffs an opportunity for discovery and a hearing that is appropriate to the nature of the motion to dismiss").

For these reasons, the Court ORDERS that the parties engage in jurisdictional discovery, including the bases for Plaintiff's veil-piercing theories. The Court GRANTS LEAVE to Plaintiff to amend its complaint on or before December 15, 2012. The Court ORDERS that Defendants may amend their motion to dismiss and/or submit additional evidence on or before December 31, 2012 and that Plaintiff

may amend its response to the motion to dismiss and/or submit additional evidence on or before January 21, 2013.

ORDERED this 10th day of October, 2012.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE