UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| OLDENDORFF CARRIERS GMBH & CO. KG, | § § § | |
| Plaintiff, | § | |
| VS. | § § | CIVIL ACTION NO. 2:12-CV-74 |
| GRAND CHINA SHIPPING (HONG KONG) CO LTD, *et al*, | § § § § | |
| Defendants. | § | |

## ORDER

Before the Court are Plaintiff's Objections to Defendants' Bill of Costs. (D.E. 76). Defendants seek their costs of litigation as the prevailing party, including the premium paid for a Special Release Bond. (D.E. 75). Plaintiffs object to the payment of bond premiums as an expense that is not authorized to be taxed as costs in this matter. (D.E. 76, 79). For the reasons set forth below, the Court **SUSTAINS** Plaintiff's Objections.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(d), costs—other than attorney's fees—should be granted to the prevailing party. Plaintiff has set out the proper standard for review of this issue: Title 28 U.S.C. § 1920 sets out which costs are taxable. Taxable costs include: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically used transcripts; (3) Fees and disbursements for printing and witnesses; (4) Fees for

exemplification and copying materials; (5) Docket fees; and (6) Compensation of experts, interpreters, and certain special services. 28 U.S.C. § 1920 (2006). A court does not have discretion to tax expenses that are omitted from § 1920. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987); Coats v. Penrod Drilling Corp., 5 F.3d 877, 891 (5th Cir. 1993).

## COST OF BOND PREMIUM

Defendants, as prevailing parties, seek to recover $95,464.00 in bond premiums pursuant to FED. R. CIV. P. 54(d) and 28 U.S.C. § 1920, urging that the admiralty principles of equity compel the costs at issue to be taxed against Plaintiff because it refused to accept Defendants' letter of undertaking in lieu of a bond or security. As a result, Defendants were forced to incur this substantial, unnecessary cost.

This Court's authority, conferred by the Federal Rules of Civil Procedure, authorizes the award of only certain costs to the prevailing party. 28 U.S.C. § 1920 (2006). The Supreme Court has held that "§ 1920 defines the term 'costs' as used in Rule 54(d)" as opposed to simply identifying certain expenses—listed or unlisted—that may be taxed. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987). An expense that is not included in § 1920 is not recoverable. Coats v. Penrod Drilling Corp., 5 F.3d 877, 891 (5th Cir. 1993).

Defendants point to Keystone Shipping Co. v. S.S. Monfiore, 409 F.2d 1345 (5th Cir. 1969) (affirming the district court's award of bond premiums to a prevailing party) and In re Hornbeck Offshore Transportation, LLC, 10-0007, 2010 WL 3853017 (W.D. La. Sept. 21, 2010) in support of their proposition. Keystone predates Crawford, a

Supreme Court case which now supplies the controlling authority for the application of Rule 54(d) and § 1920, and thus is not a reliable basis for decision. Hornbeck, a much more recent case, awarded bond premiums to a prevailing party upon a determination that the opposing party acted in bad faith. There is no allegation of "bad faith" here, and the decision in Hornbeck is not persuasive. This Court declines to extend the Hornbeck holding in the face of inconsistent authority from the Supreme Court and the Fifth Circuit.

The law on this point is straightforward. Although, Defendants contend that Crawford is inapposite because it is not a maritime case, the difference in subject matter does not undermine Crawford's application of the law and rules regarding the taxation of costs. Defendants rely on FED. R. CIV. P. 54(d) and 28 U.S.C. § 1920 to recover their costs. They are bound by the limits of that rule and statute. The great weight of authority establishes that because bond premiums are not listed in the statute, they are unrecoverable as costs.

## CONCLUSION

For the reasons set forth above, the Court **SUSTAINS** the Plaintiff's Objections, (D.E. 76), and **ORDERS** that the bond premiums in the amount of $95,464.00 be stricken from the Defendants' Bill of Costs, (D.E. 75).

ORDERED this 26th day of September, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE